# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| EVAN FAIN<br>4269 Pheasant Run Court<br>Lehi, Utah 84043 | ) ) ) ) | |
| and | ) ) | |
| MARIA FAIN<br>4269 Pheasant Run Court<br>Lehi, Utah 84043 | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | Civil No. _____<br>Judge _____ |
| THE ISLAMIC REPUBLIC OF IRAN<br>Ministry of Foreign Affairs<br>Khomeini Avenue<br>United Nations Street<br>Tehran, Iran<br>        and<br>THE IRANIAN MINISTRY<br>OF INFORMATION AND SECURITY<br>Pasdaran Avenue<br>Golestan Yekom<br>Tehran, Iran | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## COMPLAINT

(1) This action is brought by the Plaintiffs, Evan and Maria Fain, through counsel, in the individual capacity of each plaintiff under the District of Columbia Survival Act and the Foreign Sovereign Immunities Act. (28 United States Code Section 1602 et seq.), as amended by §1083 of the Defense Appropriations Act of 2008, H.R. 4986, Public Law 110-181. This Court

exercises subject matter jurisdiction in accordance with the provisions of 28 United States Code Sections 1330(a), 1331, 1332(a)(2), 1605 and 1605A. The Court exercises in personam jurisdiction over the parties designated as Defendants in accordance with the provisions of 28 United States Code Section 1605A. Venue in this Court is proper in accordance with the provisions of 28 United States Code Section 1391(f)(4), which provides in pertinent part that a civil action against a foreign state may be brought in the United States District Court for the District of Columbia.

(2) Section 1083 of Public Law 110-181, signed by President Bush on January 28, 2008, amended the Foreign Sovereign Immunities Act (28 U.S.C. § 1602, et seq.) by establishing a separate, Federal cause of action as set forth in 28 U.S.C. §1605A, and by extending the statute of limitations for the Plaintiffs to a date 60 days after the entry of judgment in an "action arising out of the same act or incident.." which was "timely commenced under section 1605(a)(7)[1]." There are presently pending before this court, inter alia, the following actions arising out of the same act or incident which were timely filed pursuant to former 28 U.S.C. § 1605(a)(7) and Section 1083 of Public Law 110-181: (a) *Anderson v. Iran*, Civil Action #08-535; and (b) *Davis v. Iran*, Civil Action #07-1302. Judgment has not been entered in any of these actions.

(3) The Plaintiffs in this action consist of a member of the United States Marine Corps and his wife. He suffered physical and emotional injuries as a result of the terrorist attack upon the United States Marine Corps, Battalion 1/8, Headquarters Building of the 24th Marine Amphibious Unit in Beirut, Lebanon on October 23, 1983. The "one-eight," as it was commonly referred to, was assigned to the 24th Marine Amphibious Unit.

(4)The Defendant, The Islamic Republic of Iran, is a foreign state which was, as a result of the acts hereinafter complained of, and is to the present, designated as a state sponsor of

---

[1] **Referring to 28 U.S.C. § 1605(a)(7).**

terrorism pursuant to Section 6(j) of the Export Administration Act of 1979 (50 United States Code Appendix, Section 2405(j)).

(5)The Defendant, The Iranian Ministry of Information and Security, is an agency of the Defendant, The Islamic Republic of Iran, whose activities included, at all times relevant to this action, the prosecution of terrorist acts directed against the armed forces of the United States and United States citizens, through the actions of their agents and employees and by and through material support to various terrorist organizations including the Lebanese terrorist organization known as "Hezbollah[2]."

(6)Hezbollah is an organization of Lebanese Muslims who are adherents of the Shia or Shiite faction of Islam. It represents itself as "an Islamic freedom fighting movement" which views any part of the Near East under the control of the State of Israel as "occupied land". It advocates the expulsion of the United States from the Near East and is committed to violent action to that end and to the termination of the existence of the State of Israel. At all times relevant to this action, Hezbollah was being given extensive support by these Defendants which permitted it to carry out a wide ranging program of terrorism against the United States and the State of Israel and a social welfare program designed to garner political support amongst the Shiite population of Lebanon. In 1983, at the time of the acts which give rise to this action, Hezbollah was under the complete operational control of the Defendants, through Iranian Revolutionary Guards units within Lebanon. The Shia or Shiite Community in Lebanon had been economically depressed for an extended period of time prior to the date of the occurrence and was further disadvantaged by a level of education far below that of other major groups within Lebanon. The provision of extensive economic support by the Defendants to Hezbollah was

---

[2] **The spelling of this word differs slightly in various publications. It is believed that this spelling is the most common. The organization also refers to itself in some publications as the "Party of God".**

necessary for that organization to carry out a terrorist attack of the scope and technological sophistication of the attack of October 23, 1983.

(7)The mission statement of the 24th Amphibious Unit on October 23, 1983 was "to provide a presence in Beirut that would in turn help establish the stability necessary for the Lebanese government to regain control of their capital."[3] The Unit operated under normal, peacetime rules of engagement. Their geographic position was in a reinforced concrete building at the Beirut Airport. Although there was sporadic small arms and mortar fire directed at the airport, the Unit only replied through counter-fire when receiving such attacks. There was no mission designated by the United States Government, the Lebanese Government or anyone else under which the Unit was a participant in the ongoing civil war. The building being used by the Unit gave excellent protection from small arms, mortar and artillery rounds which struck it from time to time in the months preceding October 23, 1983.

(8)Acting on instructions from the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the Iranian agents of the Defendants in operational control of Hezbollah, with high level technical participation which would not have been available to Hezbollah in the absence of Iranian control and participation, carried out the construction of a gas enhanced explosive device with an explosive force equal to 22,000 pounds of explosives. This was in turn mounted in a large truck of a type used to transport beverage supplies to hotels, restaurants, stores and, in this case, airport terminal facilities. It had been determined by Iranian military engineers/terrorist experts to have sufficient weight to crash through an outer barbed wire emplacement, yet would fit between two sandbagged sentry posts, then penetrate through an iron fence gate, climb over a sewer pipe obstruction and though a sandbag inner barrier obstruction into a passenger entry hallway into the center lobby of the

---

[3] **Statement of General Paul X. Kelly, Commandant, United States Marine Corps.**

building to a position at which the Iranian military engineers/terrorist experts had calculated an explosion of the magnitude to be produced by the device would collapse the structure. At approximately 6:22 a.m., Beirut time, on October 23, 1983 the attack was carried out exactly in the complex manner planned by the Iranian agents, producing the results which their calculations had lead them to expect. The collapse of the four story, reinforced concrete structure resulted in the deaths of approximately 241 members of the Armed Forces of the United States and injury to numerous others.

(9)The actions of the agents of the Defendants as above set forth constituted acts of torture, extrajudicial killing and the provision of material resources for these acts as defined in, Title 18 United States Code Section 2339A.

(10)The formation of Hezbollah and its emergence as a major terrorist organization was the product of direct intervention by Iranian operatives, including the Iranian Revolutionary Guards, the Defendant the Ministry of Information and Security and Ali Akbar Mohtashemi, acting as Interior Minister of the Defendant, The Islamic Republic of Iran, and as the Iranian Ambassador to Syria. The above referred to activities of Hezbollah were financed, technologically supported and commanded by Iranian military/intelligence operatives.

(11) Plaintiffs ask the court to take judicial cognizance of those cases which rely on allegations of the same facts and of the same torts alleged herein, in which the court has found Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security liable in the incidents mentioned. Those cases relying on these same facts and occurrences are *Peterson, et. al. v. Islamic Republic of Iran,* 01-cv-2094-RCL (D.D.C.); *Bonk. v. Islamic Republic of Iran,* 08-cv-1273 (D.D.C.); *Davis. v. Islamic Republic of Iran,* 07-CV-1302 RCL (D.D.C.); *Valore v. Islamic Republic of Iran,* 03-cv-1959-RCL (D.D.C.); *Bland v. Islamic*

5

*Republic of Iran*, 05-cv-2124-RCL (D.D.C.); and *Murphy v. Islamic Republic of Iran* 06-vc-596-RCL (D.D.C.).

## COUNT I

### EVAN FAIN: FEDERAL AND STATE COMMON LAW ASSAULT AND BATTERY PURSUANT TO 28 U.S.C. §1605A

(12) Plaintiff, Evan Fain, alleges that each and every allegation set forth above is true and accurate and resulted in the injuries for which he seeks compensation in this complaint.

(13) The members of Hezbollah, as above alleged, intentionally and willfully placed the Plaintiff, Evan Fain, in fear and apprehension of harm as a direct result of their actions including the physical abuse they inflicted upon him. The willful, wrongful and intentional acts of Hezbollah members were funded by and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, and the Plaintiff was injured in that he endured extreme mental anguish, physical injury and pain and suffering, which continues to the present and is permanent.

WHEREFORE, Plaintiff, Evan Fain, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

## COUNT II
### EVAN FAIN: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS PURSUANT TO THE FEDERAL AND STATE COMMON LAW AND 28 U.S.C. §1605A

(14) Plaintiff, Evan Fain, repeats and re-alleges that each and every allegation set forth above with like effect as if alleged herein.

6

(15) As a direct and proximate result of the willful, wrongful and intentional acts of

Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran

through its agency, the Iranian Ministry of Information and Security, and the Plaintiff, Evan

Fain, endured extreme mental anguish and pain and suffering, suffered the loss of the company

of his family and friends, and was subjected to intense physical injury, pain, discomfort and

inconvenience and has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Evan Fain, demands that judgment be entered, jointly and

severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of

Information and Security, in the amount of **TWENTY MILLION DOLLARS**

**($20,000,000.00), and costs.**

## COUNT III
## MARIA FAIN SOLATIUM CLAIM PURSUANT TO
## 28 U.S.C. §1605A AND IN ACCORDANCE WITH
## THE FEDERAL AND STATE COMMON LAW
## FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(16) Plaintiff, Maria Fain, repeats and re-alleges each and every allegation set forth

above with like effect as if alleged herein.

(17) As a direct consequence of the actions of the Defendants, The Islamic Republic of

Iran and the Iranian Ministry of Information and Security, Plaintiff, Maria Fain, the wife of Evan

Fain, has suffered extraordinary grief and mental anguish, in that the Defendants, acting through

their agents and by their conduct intended through infliction of physical injury resulting in the

permanent injury and prolonged suffering of Evan Fain, to cause severe emotional distress upon

his wife, Plaintiff, Maria Fain, and the conduct above described was so extreme and outrageous

as to exceed all possible bounds of decency and must be regarded as atrocious and utterly

intolerable in a civilized community and the emotional distress suffered by Maria Fain was so

7

severe that no reasonable person could be expected to endure it. Maria Fain has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Maria Fain demands judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

## COUNT IV
## PUNITIVE DAMAGES CLAIM
## PURSUANT TO 28 U.S.C. §1605A

(18) Plaintiffs, Evan and Maria Fain, repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(19) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Evan Fain's rights and physical well being as well as the emotional well being of both Evan and Maria Fain. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 United States Code, Section 1605A, both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of the Hezbollah members. In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 United States Code,

**8**

§1605(a)(7) making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979," vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Evan Fain, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

**March 8, 2010**                    **Respectfully Submitted,**

                                     **FAY KAPLAN LAW, PA**

                                     Joseph W. Fay          (Bar # MD17769)
                                     Joe.Fay@FayKaplanLaw.com

                                     **Thomas Fortune Fay**      (Bar # 23929)
                                     ThomasFay@aol.com

                                     **777 Sixth Street, NW**
                                     **Suite 410**
                                     **Washington, DC 20001**
                                     **(202) 589-1300**
                                     **(fax) 589-1721**

                                     **Attorneys for Plaintiffs**

9